JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Gary Habeeb, appeals the trial court's decision upholding his suspension and fine for violating the code of conduct of realtors. The facts of the case are not in dispute. Habeeb entered into an oral agreement with the seller of a property to represent the seller in the sale. The next day, he showed the buyer the house. He did not, however, have the buyer sign an agency disclosure form before he showed her the house, although he is required to do so by law.[1]
 {¶ 2} After buyer decided to buy the property but before negotiating the contract, Habeeb then filled out a dual agency form, which both the buyer and seller signed. The buyer later filed a complaint with the Division of Real Estate and Professional Licensing. After a hearing, the hearing officer issued findings of fact and conclusions of law, which document was sent to the Commissioners of the Ohio Department of Commerce Division of Real Estate and Professional Licensing. The Commissioners issued an order suspending Habeeb's license for fifteen days, fining him $300 and ordering him to take three hours of continuing education on agency."[2]
 {¶ 3} Habeeb timely appealed to the common pleas court, which ruled as follows:
Having reviewed the entire record, the brief of the appellant and that of the appellee, the court hereby affirms the order of the Ohio Department of Commerce, Division of Real Estate and Professional Licensing, dated January 9, 2002. This court has determined that said order is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 199.12 [sic] * * * final.
 {¶ 4} Appealing to this court, Habeeb states one assignment of error:
The Common Pleas Court committed prejudicial error in affirming the order of the Ohio Department of Commerce, Division of Real Estate Professional Licensing, as its order is contrary to law and contrary to the evidence.
 {¶ 5} Habeeb concedes that he failed to provide the buyer with an agency disclosure form indicating that he represented the seller. He argues that by providing them both with the dual agency disclosure form, however, he had fulfilled his legal obligations.
 {¶ 6} The trial court's authority for reviewing the judgment of an agency is found in R.C. 119.12, which states in pertinent part, "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication * * * suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *."
 {¶ 7} The court's review of the order of agency, however, is limited. If the order of the agency "is supported by reliable, probative and substantial evidence, and is in accordance with law," then the trial court must affirm the agency's order. Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. "The appellate court's review is even more limited than that of the trial court. * * * The appellate court is to determine only if the trial court has abused its discretion * * *." Id.
 {¶ 8} Habeeb's license was suspended for failure to disclose his agency to the buyer in a timely manner. The real estate law governing disclosure of agency states in pertinent part:
(B)(1) A licensee working directly with a purchaser in a real estate transaction, whether as the purchaser's agent, the seller's agent, or the seller's subagent, shall provide the purchaser with an agency disclosure statement described in section 4735.57 of the Revised Code prior to the earliest of thefollowing events:
* * *
(c) Showing the property to the purchaser other than at an open house;
(d) Discussing, with the purchaser, the making of an offer to purchase real property;
(e) Submitting an offer to purchase or lease real property on behalf of the purchaser.
* * *
(E) Evidence that a licensee has failed to comply with this section constitutes prima-facie evidence of misconduct in violation of division (A)(6) of section 4735.18 of the Revised Code. (Emphasis added.)
 {¶ 9} Habeeb concedes that he did not disclose to the buyer that he represented the seller before he assisted the buyer with the negotiations. The statute mandates that this failure is per se misconduct in violation of the code.
 {¶ 10} We also note that this omission violates subsections 4 and 9 of R.C. 4735.18(A), which reads in part:
Subject to section 4735.32 of the Revised Code, the superintendent of real estate, upon superintendent's own motion, may investigate the conduct of any licensee. Subject to section4735.32 of the Revised Code, the Ohio real estate commission * * * shall, * * * impose disciplinary sanctions upon any licensee who in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found guilty of:
* * *
(4) Acting for more than one party in a transaction except as permitted by and in compliance with section 4735.71 of the Revised Code;
* * *
(9) Having violated or failed to comply with any provision of sections 4735.51 to 4735.74 of the Revised Code or having willfully disregarded or violated any other provisions of this chapter;
* * *.
 {¶ 11} Habeeb acted for more than one party. The duty of a brokerage in that situation is described in R.C. 4735.71:
Except as provided in division (C) of this section, no licensee or brokerage shall participate in a dual agency relationship described in section 4735.70 of the Revised Code unless both the seller and the purchaser in the transaction have full knowledge of the dual representation and consent in writing to the dual representation on the dual agency disclosure statement described in section 4735.73 of the Revised Code. Before a licensee obtains the consent of any party to a dual agency relationship, the licensee shall disclose to both the purchaser and seller all relevant information necessary to enable each party to make an informed decision as to whether to consent to the dual agency relationship. If, after consent is obtained, there is a material change in the information disclosed to the purchaser and seller, the licensee shall disclose such change of information to the purchaser and seller and give them an opportunity to revoke their consent.
The brokerage shall make the dual agency disclosure to boththe seller and purchaser as soon as practicable after it isdetermined that such dual agency may exist. (Emphasis added.)
 {¶ 12} Before he showed the buyer the house, it should have been clear to Habeeb that a dual agency existed. He had agreed to represent the seller. He showed the house to the buyer with the hope that she would buy it. No other agent was involved in the deal. Prior to showing the house to the buyer, therefore, Habeeb had an obligation to disclose to the buyer his agency for the seller.
 {¶ 13} Habeeb argues that his actions were a result of his misunderstanding of the law. He believed that providing the dual agency disclosure was sufficient to comply with the law. We disagree. As the Ohio Supreme Court held, "4735.18(F) does not use the words `willful' or `wanton' to define misconduct. `Misconduct' under R.C. 4735.18(F) includes unprofessional conduct or that conduct involving any breach of duty which is prohibited under professional codes of ethics, or conduct which is contrary to law. Willfulness, good intentions or actual harm to a party are not necessarily controlling factors in such license suspension proceedings." Kiko v. Ohio Dept. of Commerce,Div. of Real Estate (1990), 48 Ohio St.3d 74, 77.
 {¶ 14} Further, as the hearing officer noted in his conclusions of law, "During the span during which the initial showing of the property occurred on through the development of the purchase offer, the buyer needed to know [Habeeb's] agency status relative to her interest in the subject property. This was necessary in order for [sic] know what tack she might take in discussing personal confidential information with [Habeeb], to understand restriction in [Habeeb's] ability to disclose information about the condition of the property and in what the leeway [sic] [Habeeb] had in discussing the seller's situation in selling the property."
 {¶ 15} The trial court's decision was not an abuse of discretion; indeed, it correctly applied the law. Habeeb violated the statute controlling agency disclosure for real estate agents and his later compliance with the statute controlling dual agency does not make up for his omission.
 {¶ 16} The judgment of the trial court affirming the decision of the Division of Real Estate is affirmed.
Judgment affirmed.
ANNE L. KILBANE, J., Concurs.
 MICHAEL J. CORRIGAN, P.J., Concurs in judgment only.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
[1]
 {¶ a} Real estate agents and brokers are required to obtain a buyer/client's signature on an agency form prior to showing a property to that buyer/client. Additionally, they are required to obtain an agency form from a seller/client prior to listing the seller/client's property for sale. If the agent is the listing agent on a property and also is the agent who shows the property to a prospective buyer, and that agent has shown other properties to that buyer, the agent must have an agency form signed by the prospective buyer before he or she can show the prospective buyer the property, or he must inform the buyer that he represents the seller only. If because of the open listing status, he did not have an agency form from the seller, the agent was required to disclose to the buyer his agency position with the seller.
{¶ b} If that buyer decides to write a contract on the property, the agent must then obtain both the buyer's and the seller's signatures on a dual agency disclosure form, which informs them that the agent does not represent either party exclusively. Failure to obtain any of these forms in a timely fashion as required by law and described above is a per se violation of the law.
[2] The hearing officer noted that Habeeb's omission was "a technical oversight" and that therefore "a degree of leniency is warranted." Habeeb has not complained about the degree of sanction imposed on him, however, but rather has denied that he committed an infraction.